45 F.3d 377
 66 Fair Empl.Prac.Cas. (BNA) 1693,
65 Empl. Prac. Dec. P 43,418
Ruth V. WOODS, Plaintiff-Appellant,
v.
DENVER DEPARTMENT OF REVENUE, TREASURY DIVISION; City and
County of Denver, Defendants-Appellees.
 No. 93-1473.
 United States Court of Appeals, Tenth Circuit.
 Jan. 9, 1995.
 
 Paul A. Baca, Denver, CO, for plaintiff-appellant.
 Daniel E. Muse, City Atty., J. Wallace Wortham, Jr., Asst. City Atty., Denver, CO, for defendants-appellees.
 Before BALDOCK and McKAY, Circuit Judges, and VRATIL,* District Judge.
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff Ruth Woods brought the present action against her employer, the Department of Revenue for the City and County of Denver, alleging that she was terminated in violation of Title VII and the Age Discrimination in Employment Act (ADEA). After the district court determined that all but plaintiff's claim for a willful violation of the ADEA were untimely, and entered summary judgment in favor of defendants on those claims, plaintiff executed a settlement agreement with defendants as to her remaining ADEA claim. Shortly thereafter, plaintiff attempted to rescind the settlement agreement. The district court ruled that plaintiff's attempted rescission was untimely, and ordered the parties to comply with the settlement agreement. In accordance with the agreement, the district court entered a dismissal order on December 1, 1993. Plaintiff now appeals.[1]
 
 
 2
 Ordinarily, a party who knowingly and voluntarily authorizes the settlement of her claims cannot avoid the terms of the settlement simply because she changes her mind. See Worthy v. McKesson Corp., 756 F.2d 1370, 1373 (8th Cir.1985). The ADEA, however, specifically provides that a waiver of a claim under the ADEA will not be considered knowing and voluntary unless "the agreement provides that for a period of at least 7 days following the execution of such agreement, the individual may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired." 29 U.S.C. Sec. 626(f)(1)(G).
 
 
 3
 The settlement agreement at issue here provided that plaintiff had seven days from the date of execution to rescind the agreement. The parties do not dispute that the agreement met all the requirements for a knowing and voluntary waiver of ADEA claims pursuant to 29 U.S.C. Sec. 626(f). Rather, they disagree as to whether plaintiff's actions on the seventh day after execution of the agreement were sufficient to rescind the agreement.
 
 
 4
 Plaintiff signed the settlement agreement on Friday, July 2, 1993, after having twenty-one days to consider the settlement, as required by 29 U.S.C. Sec. 626(f)(1)(F)(i). Plaintiff testified that when she subsequently met with her attorney on Thursday, July 8, she was having second thoughts about the settlement agreement, but she did not communicate them to her counsel. On Friday, July 9, plaintiff's counsel delivered the signed agreement to defendants' counsel and asked him to prepare a stipulated dismissal for filing on Monday, July 12.
 
 
 5
 Late Friday afternoon, plaintiff called her counsel to tell him she wanted to rescind the settlement agreement. Neither counsel nor his secretary were in the office, however, and plaintiff testified that she was unable to leave a message on her counsel's voice mail because she did not have a touch-tone telephone. Plaintiff then called defense counsel at home and left a message on his answering machine indicating that it was an emergency and she wanted him to call her about the case as soon as possible. Plaintiff did not have any further contact with either her own counsel or defense counsel that day. On Saturday, July 10, plaintiff contacted her counsel at his office and told him she wanted to rescind the agreement. Her counsel, recalling that the settlement agreement had been signed on July 2, told plaintiff it was too late to rescind.
 
 
 6
 Because plaintiff disputed the date of execution, her counsel went to defense counsel's office on Monday, July 12, to examine the original agreement. Later that day, defense counsel faxed a proposed joint motion for stipulated dismissal to plaintiff's counsel for his approval, and subsequently hand-delivered a signed original for plaintiff's counsel to file that afternoon. On Tuesday, July 13, defense counsel learned for the first time that plaintiff's counsel did not file the stipulated dismissal motion. Instead, plaintiff's counsel filed a "Notice of Information" in which he stated that his client wished to rescind the settlement agreement, but that he believed "that the documents were properly and knowingly executed by the plaintiff and this controversy is settled." Appellant's App. at 37.
 
 
 7
 On appeal, plaintiff concedes that to revoke the settlement agreement within the seven-day rescission period, she had to do so on or before Friday, July 9. Plaintiff contends, however, that her telephone calls to her counsel and defense counsel were sufficient to revoke the agreement. We disagree.
 
 
 8
 " 'A party entitled to avoid a transaction does so by giving notice to the other party of his decision to do so.' " Shamas v. Koch Indus., Inc., 759 F.2d 796, 800 (10th Cir.1985) (quoting Estate Counseling Serv., Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 303 F.2d 527, 531 (10th Cir.1962)) (further quotation omitted); see also Baker v. Penn Mut. Life Ins. Co., 788 F.2d 650, 662 (10th Cir.1986) (holding that to rescind contract, rescinding party must, among other things, give notice to other party). Plaintiff's telephone calls on Friday, July 9, did not give defendants notice of her desire to rescind the settlement agreement. Defendants did not receive such notice until Tuesday, July 13, eleven days after the parties signed the settlement agreement. This notice was too late to effect a rescission within the period provided for in the settlement agreement, and plaintiff has not asserted any other grounds that would permit her to rescind the agreement outside the seven-day rescission period, see, e.g., Baker, 788 F.2d at 662 (holding that rescission is available when contract entered into through fraud, duress, or mistake).
 
 
 9
 Therefore, we conclude that the district court correctly determined that plaintiff's attempted rescission was ineffective, and properly enforced the settlement agreement. The terms of the settlement agreement covered all the claims plaintiff originally brought against defendants in the district court. See Appellee's Supplemental App. at 83-84. Therefore, having decided that the district court properly enforced the settlement agreement and dismissed plaintiff's action with prejudice, we need not consider whether the district court's earlier entry of summary judgment for defendants on some of plaintiff's claims also was proper.
 
 
 10
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 *
 Honorable Kathryn H. Vratil, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument